HOGAN *v.* HALL, SECRETARY OF STATE.

4-5631                                          130 S. W. 2d 716

Opinion delivered July 3, 1939.

*Moore, Burrow & Chowning,* for plaintiff.

*Jack Holt,* Attorney General, *Frank Pace, Wallace Davis, J. F. Holtzendorff, Joe Norbury* and *Tom W. Campbell,* for defendants.

MEHAFFY, J. The only question involved in this proceeding is the sufficiency of the ballot title. A petition was filed by the requisite number of legal voters asking that the act be referred to the people of the state, to the end that the same may be approved or rejected by a vote of the legal voters of the state at the biennial regular general election to be held on November 5, 1940.

C. G. Hall, Secretary of State, held the petition and ballot title sufficient. The complaint in this case was then filed, praying that the action of the secretary of state in accepting and filing said petition and declaring the same sufficient, be reviewed by this court, and that the petition be declared insufficient and that the secretary of state's action be declared null and void, and that the State Board of Election Commissioners be restrained and enjoined from placing said measure upon the ballot under the title of said measure, or any other ballot title, to be voted upon in the general election to be held November 5, 1940, and that said petition be declared to be insufficient as not complying with the Constitution and laws of the state of Arkansas, and that said act be declared to be a legal statute effective June 8, 1939.

To this complaint there was a general demurrer filed, stating that the facts were not sufficient to constitute a cause of action.

Amendment No. 7 to the Constitution provides that the legal voters, by petition, may order a referendum against any general act or measure passed by the General Assembly; that such petition shall be filed with the secretary of state within a certain time. The amendment further provides that the sufficiency of the petition shall be decided in the first instance by the secretary of state, subject to review by the Supreme Court of the state, which shall have original and exclusive jurisdiction over all such causes. It is also provided that the exact title to be used in the ballot shall be submitted with the petition.

The ballot title submitted is the legislative title of the act, and is as follows: "AN ACT to Fix the Venue of Actions for Personal Injury and Death."

This court has many times passed on the sufficiency of ballot titles and has held that certain ballot titles, using the legislative title, would be insufficient, where, for instance, the legislative title of the measure simply states that a certain section of the digest is repealed or amended, and does not identify the proposed act and does not fairly show the general purpose thereof.

In the case of *Westbrook* v. *McDonald,* 184 Ark. 740, 43 S. W. 2d 356, 44 S. W. 2d 331, it was said: "As the ballot title here submitted might mislead, we have concluded that it was defective and insufficient and that the amendment was not sufficiently complied with in this respect."

Certainly no one could be misled by the ballot title in the instant case. No one could prepare a ballot title that would suit everyone, and the legislative title of the measure is a sufficient ballot title for the act which petitioners seek to have referred.

There is nothing in the constitutional amendment stating what the ballot title shall be. The requirement is that the exact title to be used on the ballot shall be submitted with the petition. The legislative title of the measure is the exact title that is to be used on the ballot.

The only question to be determined is: Does the title, as designated and used on the ballot, come within the purview of the Constitution?

This court said in the case of *Walton* v. *McDonald,* 192 Ark. 1155, 97 S. W. 2d 81: "The ballot title should be complete enough to convey an intelligible idea of the scope and import of the law, and it ought to be free from any misleading tendency, whether of amplification, of omission, or of fallacy, and it must contain no partisan coloring."

We think that under the ruling in the Westbrook and Walton cases, and other cases, the ballot title in the instant case is sufficient.

It was also said in the Walton Case, *supra:* "Perhaps, no set rule or formula can be announced as to what a ballot title shall contain, but it may be safely stated that, if it shall identify the proposed act and shall fairly allege the general purposes thereof, it is sufficient."

This court quoted with approval the following, from the Supreme Court of Maryland: "It has never been understood that the title of a statute should disclose the details embodied in the act. It is intended simply to indicate the subject to which the statute relates. . . .

When the general subject is indicated, no detail matters need be mentioned in the title. 'The primary object of the provision, undoubtedly, is to exclude all foreign, irrelevant, or discordant matter from the statute and to confine the statute to the single subject disclosed in the title.' *Phinney* v. *Trustees,* 88 Md. 636, 42 Atl. 58.'' *Coleman* v. *Sherrill,* 189 Ark. 843, 75 S. W. 2d 248.

There is no doubt about the sufficiency of the ballot title in the instant case.

The writ is denied and the complaint dismissed.