Bailey v. Hall, Secretary of State.

4-5629                                          131 S. W. 2d 635

Opinion delivered July 3, 1939.

*Beloit Taylor, E. Chas. Eichenbaum, Fred Donham* and *Miles & Amsler*, for plaintiff; petition denied.

*Jack Holt*, Attorney General; *Millard Alford*, Asst. Atty. General; *Woolsey & McKenzie, Arnett & Shaw* and *J. M. Smallwood*, for defendants.

Humphreys, J. A Workmen's Compensation Act, numbered act 319, was enacted by the Fifty-second General Assembly of the State of Arkansas, and approved by the Governor of the State on March 15, 1939, and appears in the Acts of Arkansas, 1939, on pages 777-844, inclusive. The Act is very long, containing fifty sections. On account of the length of the Act we make reference to it rather than embody it in this opinion. See Act 319 of the Acts of the General Assembly of Arkansas, 1939, pages 777-844, inclusive. The Act as published contains no emergency clause and by reference to the indorsements on the original Act filed in the office of the Secretary of State which was approved and signed by the Governor of the State on March 15, 1939, and also by reference to the journals of the Senate of which we take judicial notice and knowledge, the emergency clause at-

816

tached to the Act in the House of Representatives was finally defeated in the Senate.

Within the time provided by law the required number of legal voters of the State of Arkansas filed their petition with C. G. Hall, Secretary of the State of Arkansas ordering that said Act be referred to the people of Arkansas to the end that the same may be approved or rejected by the vote of the legal voters of the State at the biennial regular general election to be held on the fifth day of November, 1940. In this petition they submitted to the State Board of Election Commissioners as the title to be placed upon the official ballot at the biennial regular general election to be held on the fifth day of November, 1940, the ballot title as set out in full in a footnote of this opinion.*

---

* Footnote

"Referendum On Act No. 319 of the Acts of the General Assembly of the State of Arkansas, approved March 15, 1939, same being the Workmen's Compensation Law," and being an Act to require employers carrying on any employment in this State in which five or more employees are regularly employed in the same business or establishment, except domestic service, agricultural farm labor, institutions maintained and operated as public charities, the State of Arkansas and each of the political subdivisions thereof, the selling, delivering or acting as sales agent or distributor as an independent contractor of or for any newspaper, magazine or periodical, to secure and pay, or provide for payment of, compensation for the disability or death of their employees from injury arising out of and in the course of their employment, without regard to fault as a cause for such injury except injuries occasioned solely by intoxication of the injured employee while on duty or by willful intention of the injured employee to bring about the injury or death of himself or another; and providing that said Act shall not conflict with any Act of Congress governing the liability of employers for injuries received by their employees engaged in interstate commerce, and providing that any person contracting to do building or building repair work shall be termed employment as defined therein if said contractor employs two or more employees in any one time; to define the terms used in said Act; to provide that the remedies therein granted an employee on account of such disabilities or death shall be exclusive as to his employer except where the employer fails to secure the payment of compensation as required by the Act; to give the right and provide the method of waiver of exclusion or exemption from the application of said Act; to require the employer to provide medical and hospital services and supplies for an injured employee to provide the method

When this petition for referendum of said Act was filed in the office of the Secretary of State, C. G. Hall as Secretary of State approved the ballot title submitted with the petition and certified the sufficiency of the number of qualified electors on said petition to refer said Act and declared said Act inoperative until after its approval by the qualified electors at the next biennial election.

This is a petition by the plaintiff, a tax payer and qualified elector of the state of Arkansas, for the benefit of himself and all others similarly situated in the state against the defendants in their respective capacities as Secretary of State and members of the State Election Board to enjoin them from referring the Act to the people for approval or rejection at the next general biennial election on November 5, 1940, on the ground that the ballot title submitted with the petitions is insufficient. The suit for injunction is an original proceeding in this court under one of the general provisions of Amendment No. 7 to the Constitution of 1874 known as the "Initiative and

---

of computing the amount of the average weekly wages earned by an employee at the time of his injury; to define degrees of disability and fix the amount of compensation to be paid the injured employee for the different degrees of disability and specific injuries on the basis of such average weekly wage, except as otherwise specifically provided, and to fix the maximum amount of such compensation; to define occupational diseases and to provide for payment of compensation therefor, the amount thereof, and by whom payable; to prescribe the amount of compensation for death of employees from such injuries, to whom payable and the manner of payment to create a Workmen's Compensation Commission of three members to administer the provisions of said Act, except as otherwise specifically provided, and to prescribe the qualifications of its members, their appointment, terms of office, salary, expense account, removal from office, and official bond and to prescribe its powers and duties; to provide for the practice and procedure before the Commission in the making, hearing, determination and award of claims for compensation under said Act; for review of the orders of the Commission by appeal to Circuit Court, and for the enforcement of the orders of the Commission and modification of its awards to authorize the appointment by the Commission of Referees and other personnel and to prescribe their powers and duties and provide for their compensation and traveling expenses; to create in the Department of Health an Industrial Hygiene Division and prescribe its duties and provide how its expenses are to be paid; to prohibit the waiver by employees of right

Referendum.'' We quote the following language from the Initiative and Referendum Amendment:

''At the time of filing petitions the exact title to be used on the ballot shall by the petitioner be submitted with the petition and on state-wide measures, shall be submitted to the State Board of Elections Commissioners, who shall certify such title to the Secretary of State to be placed upon the ballot; . . . the sufficiency of all state-wide petitions shall be decided in the first instance by the Secretary of State, subject to review by the Supreme Court of the State, which shall have original and exclusive jurisdiction over all such causes.''

The sufficiency of the petition is not challenged on the ground that the signatures thereto are insufficient in number, but on the ground that the ballot title is insufficient. The case recently before us relative to the sufficiency of a ballot title is the case of *Newton* v. *Hall, Secretary of State,* 196 Ark. 929, 120 S. W. 2d 324. In that case this court said: ''The ballot title in the case of

to compensation or to contribute to the payment thereof; to provide that the right to compensation shall not be assignable or subject to legal process; and to fix or lien therefor to fix the maximum fees for services rendered in respect of a claim or award for compensation; to require every such employer to secure the payment of compensation by insuring and keeping insured the payment of such compensation with any stock company, mutual company or reciprocal exchange authorized to do business in this State, or by financial ability to pay such compensation and receiving an authorization from the Commission to pay such compensation directly as a self-insurer; to provide for the authorization and regulation of companies writing compensation insurance under this Act including the approval of rates, provisions of policies, assignments of rejected risks for such insurance among such companies and for the adjustment of rates upon such risks; to establish in the State Treasury an Administration Fund to be known as the Workmen's Compensation Fund, to the credit of which Fund shall be deposited certain assessments and premium tax to be paid by insurance carriers and self-insurers qualifying under this Act and to provide that said Act shall be retroactive as to such taxation commencing January 1, 1939; to provide penalties for failure to secure compensation and for other violations of the Act; to prescribe the effect of this Act on liability of third parties for injuries to or death of employees; to declare the effect of the partial unconstitutionality of said Act and to provide that its provisions are separable and for other purposes.''

*Westbrook* v. *McDonald,* 184 Ark. 740, 43 S. W. 2d 356, 44 S. W. 2d 331, was held defective because the ballot title left the erroneous impression that a residence in the state for ninety days was a cause for divorce, instead of being a requirement as to the period of residence before obtaining a decree for divorce. In that case we announced the test of the sufficiency of a ballot title to be that it should be complete enough to carry an intelligent idea of the scope and import of the proposed law, and that it should be free from misleading tendency, whether of amplification or omission or of fallacy, and must contain no partisan coloring. This test has never been departed from in the subsequent cases, and we have attempted to determine the sufficiency of ballot titles in the cases presented by the application of this rule to the titles under review."

In the declaration just quoted from the Newton Case this court attempted to and did announce an absolute rule or test by which the sufficiency or insufficiency of a ballot title must be determined, with perhaps one exception and the exception is that all ballot titles must necessarily identify the measure sought to be initiated or referred. We have carefully read said Act 319 with a view to ascertain whether the proposed ballot title is free from misleading tendencies, whether of amplication or omission or a fallacy and whether it contains any partisan coloring. We find nothing in the ballot title which would mislead a voter either by amplification or omission or by fallacious statements and we find nothing in it showing that it is partisan in coloring. The only thing left then for us to determine in applying the test or rule is whether the ballot title is complete enough to carry an intelligent idea of the scope and import of the proposed law. The scope and import of the proposed law is to provide for the payment of compensation by employers for injuries to, or death of their employees; to prescribe the amount of compensation and to whom it may be paid; to secure the payment of compensation; to establish a Workmen's Compensation Commission to administer the Act and to provide funds for the administration of the

Act. The ballot title in question contains about nine hundred words and sets out the scope and import of the proposed Act in such a way as to be understood by anyone of ordinary intelligence. After a careful reading of the Act and the proposed ballot title we are convinced that the ballot title contains every essential necessary to meet the requirements or test of the rule governing the sufficiency or insufficiency of ballot titles announced by this court.

The petition for an injunction against the defendants is denied.