JOHNSON *v.* HALL, SECY. OF STATE.

5-1733                                    316 S. W. 2d 197

Opinion delivered September 29, 1958.

*Joe C. Barrett, J. Clib Barton, Pat Mehaffy, Ned A. Stewart, Edward L. Westbrooke, Edward L. Wright,* for plaintiffs.

*Bruce Bennett, Atty. General,* for defendant; *Pope, Pratt & Shamburger,* by *Richard L. Pratt,* of counsel for defendant.

J. SEABORN HOLT, Associate Justice.    This is an original action brought by plaintiffs (railroads) seeking to enjoin defendant, C. G. Hall, Secretary of State, from certifying proposed Constitutional Amendment No. 52 and its popular name and ballot title to the State Board of Election Commissioners for the purpose of having it on the official ballot at the next general election.    Plaintiffs earnestly contend that: ''The ballot title of the petition is defective and insufficient in that it does not convey a complete and intelligent idea of the scope and import of the proposed amendment and is mislead-

ing in that it conveys a false idea as to the meaning and effect of the proposed amendment." We have concluded that this contention must be sustained.

The proposed popular name ballot title and amendment in question are as follows: "Proposed Constitutional Amendment No. 52 (By Petition) Safety Crossing Amendment — An amendment to require adequate safety devices at all public railroad crossings. Section 1. The practice of operating trains and locomotives over railroads in this state across highways, public roads, crossings and city streets at high rates of speed without adequate protection to the vehicular and pedestrian traffic at such crossings is detrimental to the safety and welfare of the people and contrary to the public policy of this state. Section 2. Every railroad company in this state whose line or lines are more than one hundred miles in length who operate trains in excess of twenty-five miles per hour over said lines shall install and maintain at each public road crossing or street electrically controlled warning signals which flash red for an approaching train and shall provide and maintain electrically controlled boards or gates on each side of such roads, crossings or streets as a further protection. Section 3. Failure to provide or maintain such warning signals or electrically controlled boards or gates shall create an inference and presumption of civil negligence to any such railroad company in any civil action for damages to persons or property against such company arising out of accidents at such public roads, crossings or streets. Filed: July 3, 1958 C. G. 'Crip' Hall, Secretary of State."

Our governing rules on the sufficiency of ballot titles have many times been announced and reaffirmed by this court. In one of our leading cases — *Newton* v. *Hall*, 196 Ark. 929, 120 S. W. 2d 364 — we reannounced the test of the sufficiency of a ballot title in this language: ". . . it should be complete enough to carry an intelligent idea of the scope and import of the proposed law, and that it should be free from misleading tendency, whether of amplification or omission or of fallacy, and

must contain no partisan coloring. This test has never been departed from in the subsequent cases, . . ." In the more recent case of *Bradley* v. *Hall*, 220 Ark. 925, 251 S. W. 2d 470, we reaffirmed the above rule and there said: ". . . it is not required that the ballot title contain a synopsis of the amendment or statute. *Sturdy* v. *Hall*, 204 Ark. 785, 164 S. W. 2d 884. It is sufficient for the title to be complete enough to convey an intelligible idea of the scope and import of the proposed law. *Westbrook* v. *McDonald*, 184 Ark. 740, 43 S. W. 2d 356, 44 S. W. 2d 331. We have recognized the impossibility of preparing a ballot title that would suit every one. *Hogan* v. *Hall*, 198 Ark. 681, 130 S. W. 2d 716. Yet, on the other hand, the ballot title must be free from 'any misleading tendency, whether of amplification, of omission, or of fallacy,' and it must not be tinged with partisan coloring." When an elector comes to vote he is entitled to be confronted with a ballot title complete enough to convey to him "an intelligible idea of the scope and import of the proposed law", or amendment. The ballot title must be free, as indicated, from any misleading tendency whether of amplification, omission, or of fallacy, and it must not be tinged with partisan coloring.

The ballot title here — AN AMENDMENT TO REQUIRE ADEQUATE SAFETY DEVICES AT ALL PUBLIC RAILROAD CROSSINGS, — obviously, we think, would convey to the voter, or carry the presumption to him, that at present the railroads were not using adequate safety devices at all public crossings and that our present statutes do not provide adequate protection for the highway traveler. Certainly all good citizens would vote for adequate protection at public crossings. There is nothing in this ballot title that tells the voter that this amendment would require all railroads in Arkansas to install and maintain at each public crossing or street electrically controlled warning signals, and in addition electrically controlled boards or gates on each side of each of the public railroad crossings, without any regard to the distance that said crossing might be from a source of electric power, and that such a re-

quirement would place an additional burden of heavy expense on the railroads of millions of dollars to install and maintain such devices, at an estimated 3,600 public railroad crossings in Arkansas, whether the daily traffic count over such crossings amounted to a dozen vehicles or thousands.

Clearly, we think, this ballot title, under the test above indicated, fails to convey to the voter an intelligible idea of the scope and effect of the proposed amendment. We, therefore, hold that it is defective and insufficient. Accordingly, plaintiffs' petition for injunctive relief is granted.

McFADDIN and MILLWEE, JJ., dissent.