Mr. John Casteel Rt. 1, Box 350N Newport, Arkansas 72112
Dear Mr. Casteel:
This is in response to your request, received by this office on April 5, 1989, for certification of the following proposed popular name and ballot title pursuant to Arkansas Code of 1987 Annotated 7-9-107:
(Popular Name)
 For An Act to be Entitled An act to make an appropriation to the Department of Education for paying expenses of Court-Ordered desegregation for the biennial period ending June 30, 1991; and for other purposes.
(Ballot Title)
 "A referendum to repeal Act 902 of 1989 approving the settlement of the Pulaski County School Desegregation Plan and the Creation of the Pulaski County School Desegregation Trust Fund; and the repeal of all funding in Section 2, 3, 4, 5, and 6 of Act 902 of 1989 of the General Assembly of the State of Arkansas."
This popular name and ballot title are submitted in connection with a petition for referendum pursuant to Amendment 7 to the Constitution of Arkansas. Although the sufficiency of the petition will be ascertained and declared by the Secretary of State in accordance with A.C.A.7-9-111, we would note as an initial matter that the "Petition for Referendum" included in your correspondence does not substantially comply with the form required under Act 280 of 1989, which amends prior law in this regard. I have enclosed a copy of that act for your convenience, and have underlined the omitted language.
With regard to the popular name and ballot title, the law provides that the Attorney General may either certify a more suitable and correct popular name and ballot title, or may reject the entire petition. See A.C.A. 7-9-107. this office is neither required nor authorized, however, to make any legal determinations concerning the merits of the act being referred. Consequently, this review has been limited to determining the sufficiency of the proposed popular name and ballot title.
The purpose of my review and certification is to insure that the language submitted accurately and impartially summarizes the purpose of the act which is the subject of the referendum petition. It has been stated that a popular name is simply a legislative device which is useful for voters to discuss a measure prior to election. Arkansas Women's Political Caucus v. Riviere, 283 Ark. 463, 677 S.W.2d 846
(1984). It need not contain detailed information or include exceptions which might be required of a ballot title. Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). It should be further noted that the popular name is to be considered along with the ballot title in determining its sufficiency. Id.
The ballot title must "briefly and concisely state the purpose of the proposed measure." A.C.A. 7-9-107(b). It should be complete enough to convey an intelligible idea of the scope and the import of the act. Washburn v. Hall,225 Ark. 868, 286 S.W.2d 494 (1956). It has been stated that the ballot title is sufficient if it identifies the act and fairly alleges the general purposes thereof. Hogan v. Hall,198 Ark. 681, 130 S.W.2d 716 (1939).
Applying these precepts, it is my conclusion that a more suitable and correct popular name and ballot title should be substituted for those proposed. The following is hereby certified in order to insure that, when construed together, Mr. John Casteel the popular name and ballot title accurately set forth the purpose of the act being referred:
(Popular Name)
 AN ACT TO CREATE A COURT-ORDERED DESEGREGATION TRUST FUND AND TO MAKE APPROPRIATIONS FOR PAYING EXPENSES OF COURT-ORDERED DESEGREGATION
(Ballot Title)
 An act to create a "Court-Ordered Desegregation Trust Fund" for paying expenses of court-ordered desegregation as required by a federal court to be paid by the State of Arkansas, and to require the deduction from net general revenue of funds sufficient to pay such expenses; to appropriate the sum of $9,360,000 from the Court-Ordered Desegregation Trust Fund to the Department of Education for each year of the biennial period ending June 30, 1991 to defray the state's legal obligations in Little Rock School District v. Pulaski County Special School District established prior to the settlement agreement; to transfer on July 1, 1989 the sum of $4,110,000 on the books of the Chief Fiscal Officer of the State, the State Treasurer and the State Auditor from the Budget Stabilization Trust Fund to the Court-Ordered Desegregation Trust Fund; to appropriate from the Budget Stabilization Trust Fund to the Department of Education the sum of $6,000,000 for loans to the Little Rock School District, the sum of $6,825,539 for payments to the Little Rock, Pulaski County Special, and North Little Rock School Districts, and the sum of $2,750,000 for payment of legal fees of the State and the Little Rock School District; to appropriate from the Court-Ordered Desegregation Trust Fund to the Department of Education the total sum of $11,839,025 for 1989-90 and $12,107,525 for 1990-91, to be divided among the Little Rock, Pulaski County Special, and North Little Rock School Districts; and to urge removal of several items from the "Pulaski County School Desegregation Settlement Agreement" executed by the parties in Little Rock School District v. Pulaski County Special School District; the same being Act 902 of 1989.
Pursuant to A.C.A. 7-9-108, instructions to canvassers and signers are enclosed herewith.
Sincerely,
STEVE CLARK Attorney General
SC:arb
Enclosures
cc: The Honorable Art Givens State Representative Brookwood Center, Suite 206 301 Brookwood Rd. Sherwood, AR 72116