Mr. William E. Gran 2300 Rebsamen Park Road, D-108 Little Rock, Arkansas 72202
Dear Mr. Gran:
This is in response to your request, received by this office on April 4, 1990, for certification of the following proposed popular name and ballot title:
(Popular Name)
FULLY INFORMED JURY AMENDMENT (F.I.J.A.)
(Ballot Title)
 AN AMENDMENT TO ARTICLE TWO (2), SECTION EIGHT (8) OF THE CONSTITUTION OF THE STATE OF ARKANSAS OF 1974 TO REQUIRE OF ALL COURTS PRESIDING OVER CRIMINAL TRIALS TO A JURY THAT THE JURY SHALL BE INSTRUCTED OF THEIR INHERENT POWER TO JUDGE BOTH THE FACTS AND THE JUSTICE OF THE STATUTES BY WHICH THE DEFENDANT IS TRIED.
The Attorney General is required pursuant to A.C.A. 7-9-107 to approve and certify the popular name and ballot title of all proposed initiative or referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
The purpose of my review and certification is to insure that the ballot title and popular name honestly, intelligently, and fairly set forth the purpose of a proposed act or amendment. Arkansas Women's Political Caucus v. Riviere, 283 Ark. 463, 466, 677 S.W.2d 846
(1984); Becker v. Riviere, 277 Ark. 252, 254, 641 S.W.2d 2
(1982).
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment or the likelihood that the act or amendment will accomplish its stated objectives. It is not our task to determine the proposed amendment's constitutionality or pass judgment upon the desirability or necessity of the measure. Consequently this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
It has been stated that a popular name is simply a legislative device which is useful for voters to discuss a measure prior to an election. Arkansas Women's Political Caucus v. Riviere, et al. supra, citing Pafford v. Hall, 217 Ark. 734, 233 S.W.2d 72
(1950); and that it need not contain detailed information or include exceptions which might be required of a ballot title. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741 (1976), citing Pallford v. Hall, supra. It is also well established, however, that the popular name must not be misleading or give partisan coloring to the merit of the proposal, Moore v. Hall, 229 Ark. 411,316 S.W.2d 207 (1958), and it is appropriate for this office to change phrases in the popular name and ballot title of a proposed initiated act where the phrases, as originally submitted, amount to partisan coloring and are clearly calculated to influence voters to support the proposed initiated act. Jackson v. Clark, 288 Ark. 192, 703 S.W.2d 454 (1986).
A ballot title must include an impartial summary of the proposed amendment which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185
(1958); Becker v. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555
(1980).
Applying these precepts to the measure submitted, it is my opinion that the popular name "Fully Informed Jury Amendment" lends partisan coloring to the merits of the proposal, and is therefore disapproved. The proposed amendment, at least in part, requires the judge in a criminal jury trial to instruct the jury of its power to acquit the defendant despite the facts of the case. This power is called "jury nullification". See generally, Scheflin 
Van Dyke, Jury Nullification: The Contours of a Controversy, 43 Law Contemp. Probs. 51 (1980). We would like to substitute a popular name encompassing this term as it is the correct legal term for the power, but feel that this term may result in partisan coloring against the merits of the proposal. The term "jury nullification" may prompt some voters to believe that the amendment nullifies the power of a jury in some fashion. It is thus my opinion that the following popular name should be substituted in place of the one submitted:
 JURY POWERS AMENDMENT The submitted ballot title is similarly disapproved. The title submitted is, in my opinion, not complete enough to give the voter [of] fair understanding of the issues presented. Therefore, the submitted title is disapproved and the following substituted therefor:
 "An Amendment to Article 2, section 8 of the Constitution of 1874 to add a section providing that the jury in all criminal cases shall be the judge of law as well as fact; guaranteeing a criminal defendant's right to a jury trial if timely asserted; providing that no defendant shall have his sentence increased in the appellate process; providing that no person shall be compelled to pay to exercise a right constitutionally protected; requiring the judge in all criminal cases to instruct the jury of its right to acquit a defendant despite the facts; and allowing a defendant and/or his counsel to present evidence and make arguments which in their opinion justify the actions of the defendant or appeal to a law higher than statutes.
You will note that the ballot title refers to the presently effective Constitution of 1874, rather than 1974 as stated in both the submitted ballot title and text of the amendment.
Pursuant to A.C.A. 7-9-108, instructions to canvassers and signers are enclosed herewith.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
ATTACHMENT TO OPINION 90-124
INSTRUCTIONS TO CANVASSERS AND SIGNERS
1. Amendment No. 7 to the Arkansas Constitution gives to the people of the State of Arkansas the power to propose legislation or constitutional amendments by initiative petition, and to order the referendum against any general act or any item of an appropriation bill, or measure passed by the General Assembly. The petition must be signed by eight percent (8%) of the legal voters in the case of proposed legislation, ten percent (10%) in the case of proposed constitutional amendments, and six percent (6%) in the case of a referendum. The proposed legislation or constitutional amendment must be submitted to the legal voters of the State at a regular election; referendum petitions may be referred to the people at special elections when fifteen percent (15%) of the legal voters petition for such special election. Any measure submitted to the people shall take effect and become a law when approved by a majority of the votes cast upon such measure.
2. Only legal voters may sign. Printed names, residences, and cities or towns of residence must be given as an aid to verification. This petition should contain only the signatures of voters residing in a single county.
3. All signatures must be affixed by the signers in their own handwriting in the presence of the persons circulating the petition.
4. The signatures should be made with ink or indelible pencil.
5. Do not attach additional sheets to this petition unless such sheets contain the full language of the petition. Place as many names as possible on each petition.
6. To sign any name other than your own or to knowingly sign your name when you are not legally entitled to sign it, or to knowingly and falsely misrepresent the purpose and effect of this petition for the purpose of causing anyone to sign it shall constitute a misdemeanor and subject the offender to a fine of not less than $50.00 nor more than $1,000.00 for each violation.
The Attorney General is by law required to certify the sufficiency of the popular name and ballot title of all initiative or referendum petitions. This certification does not necessarily indicate the approval or disapproval of the contents thereof.
/s/ Steve Clark ATTORNEY GENERAL OF THE STATE OF ARKANSAS