Mr. Ronald L. Mainhart 605 East 16th Street Russellville, AR 72801
Dear Mr. Mainhart:
This is in response to your request, received by this office on April 4, 1990, for certification of the following proposed popular name and ballot title:
(Popular Name)
INSURANCE COMPANY REPORTING LAW
(Ballot Title)
 AN ACT TO REQUIRE HEALTH INSURANCE COMPANIES AND MOTOR VEHICLE INSURANCE COMPANIES TO FILE ANNUAL REPORTS SHOWING PREMIUMS COLLECTED, EARNINGS ON INVESTMENTS OF PREMIUM INCOME, CLAIMS PAID AND BUSINESS OPERATING COSTS.
The Attorney General is required pursuant to A.C.A. 7-9-107 to approve and certify the popular name and ballot title of all proposed initiative of referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
The purpose of my review and certification is to insure that the ballot title and popular name honestly, intelligently, and fairly set forth the purpose of a proposed act or amendment. Arkansas Women's Political Caucus v. Riviere, 283 Ark. 463, 466, 677 S.W.2d 846
(1984); Becker v. Riviere, 277 Ark. 252, 254, 641 S.W.2d 2
(1982).
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment or the likelihood that the act or amendment will accomplish its stated objectives. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed initiated act.
It has been stated that a popular name is simply a legislative device which is useful for voters to discuss a measure prior to an election. Arkansas Women's Political Caucus v. Riviere, et al. supra, citing Pafford v. Hall, 217 Ark. 734, 233 S.W.2d 72
(1950); and that it need not contain detailed information or include exceptions which might be required of a ballot title. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741 (1976), citing Pafford v. Hall, supra. It is also well established, however, that the popular name must not be misleading or give partisan coloring to the merit of the proposal, Moore v. Hall, 229 Ark. 411,316 S.W.2d 207 (1958), and it is appropriate for this office to change phrases in the popular name and ballot title of a proposed initiated act where the phrases, as originally submitted, amount to partisan coloring and are clearly calculated to influence voters to support the proposed initiated act. Jackson v. Clark, 288 Ark. 192, 703 S.W.2d 454 (1986).
A ballot title must include an impartial summary of the proposed act which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185
(1958); Becker v. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555
(1980).
Applying these precepts to the measure submitted, it is my opinion that both the proposed popular name and ballot title adequately represent the proposed initiated act and are therefore approved as submitted.
Pursuant to A.C.A. 7-9-108, instructions to canvassers and signers are enclosed herewith.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.