The Honorable W.J. "Bill" McCuen Secretary of State State Capitol Little Rock, AR 72201
Dear Mr. McCuen:
This is in response to your request for an opinion regarding the determination of the sufficiency of statewide petitions under Amendment 7 to the Arkansas Constitution. Your specific questions are as follows:
 1. Whether legislation which would allow the Secretary of State to issue a certificate of sufficiency or insufficiency based on verification of signatures by the County Clerks would be constitutional?
 The legislation would provide that the County Clerk would verify signatures on the petitions from their county. The Clerk would certify the number of sufficient signatures in their county to the Secretary of State and in turn the Secretary of State would issue a certificate of sufficiency or insufficiency after the results from each county are combined. The procedure would be similar to the current practice of hiring summer extra help to verify signatures on the petitions except that the County Clerk would have access to the original voter registration cards which contain the voter's signatures instead of a list of registered voters from each county.
 2. If your answer to question 1 is yes, such legislation would be constitutional, should the legislation mandate each County Clerk to verify the signatures or should the legislation only allow for the contract if both the Secretary of State and the County Clerk agree?
 3. If your answer to question 1 is no, such legislation would not be constitutional, then is it impermissible for the Secretary of State to use any hired help to verify signatures requiring a personal verification of all signatures by the Secretary of State?
It is my opinion that the answer to your first question is "no". Amendment 7 states that "[t]he sufficiency of all State-wide petitions shall be decided in the first instance by the Secretary of State, subject to review by the Supreme Court of the State. . . ." The initial responsibility for determining the sufficiency of the signatures thus clearly rests with the Secretary of State. See also Scott v. McCuen,289 Ark. 41, 45, 709 S.W.2d 77 and Finn v. McCuen, 303 Ark. 418, 425, S.W.2d (1990) (The Secretary of State's determination of sufficiency includes both the ballot title and the signatures.) The responsibility cannot, in my opinion, be lawfully delegated through a wholesale transfer of the sufficiency determination to the county clerks who, under Amendment 7, decide the sufficiency of all local petitions. The Secretary of State's issuance of a certificate of sufficiency following the county clerk's certification would not satisfy Amendment 7's mandate that the sufficiency decision be made "in the first instance" by the Secretary of State.
It has been stated, generally, that the Secretary of State has quasi-judicial power where the constitution or a statute states that the Secretary of State shall determine the sufficiency of petitions. See 82 C.J.S. Statutes § 123 (1953). As a general rule, his duties are mandatory. Id. at § 137. Existing Arkansas legislation recognizes the powers and duties of the Secretary of State in connection with the sufficiency determination by establishing procedures and guidelines of the certification process. See A.C.A. § 7-9-111. These procedures include the county clerks' duty to furnish, upon request, registered voter lists to the Secretary of State. A conflict with Amendment 7 will arise, however, in my opinion, if the inquiry into the sufficiency of the signatures and a decision in this regard is made in the first instance by the county clerks.
We should note that legislation has been filed (HB 1047) during the current legislative session which amends procedures for the sufficiency determination. This bill provides for the county clerks' verification of signatures on statewide initiative and referendum petitions, requiring that the Secretary of State count the number of signatures upon receipt of the petitions and then transmit the petitions to the clerks for signature verification. The bill states that in considering the sufficiency of a petition, the Secretary of State shall not be required to reexamine the validity of the signatures.
As noted above, it is my opinion that this procedure would be contrary to Amendment 7's mandate to the Secretary of State which, according to the courts, includes deciding the sufficiency of both the ballot title and the signatures. Scott v. McCuen,supra; Finn v. McCuen, supra. The sufficiency determination is not limited to ascertaining whether the sponsors have submitted the requisite number of signatures. A petition that apparently contains the required number of signers is primafacie sufficient. Ellis v. Hall, 219 Ark. 869, 870,245 S.W.2d 223 (1952); see also Dixon v. Hall, 210 Ark. 891,198 S.W.2d 1002 (1946). But this presumption is not conclusive.See, e.g., Sturdy v. Hall, 208 Ark. 38, 143 S.W.2d 547
(1940). It may be determined that the prima facie validity is overcome, and Amendment 7 clearly vests the Secretary of State with the power and duty to make this determination. The sufficiency of the petition will not be decided until that point.
Because your second question is conditioned upon a positive response to the first inquiry, we will not address this issue.
It is my opinion, in response to your third question, that the use of hired help to verify signatures would be permissible. This practice is distinguishable from the delegation of the sufficiency determination that would occur, in my opinion, where the county clerks initially verify the signatures and the Secretary of State certifies the sufficiency or insufficiency based upon that verification. Hired help would, presumably, remain under the control and supervision of the Secretary of State. The Secretary of State cannot, obviously, personally verify each signature. The sufficiency determination will of necessity require the involvement of his office, and this may reasonably include extra help hired for that purpose.
While the assistance of additional help would be in aid of Amendment 7, it may be successfully contended that the wholesale transfer of the signature verification process to the county clerks will potentially impede the petition process because the clerks, rather than the Secretary of State, would in essence be making the sufficiency decision; and the Arkansas Supreme Court, in the event of a challenge, will have to review each clerk's decision, rather than that of the Secretary of State. Amendment 7 avoids this potentially burdensome review process by requiring the Secretary of State to decide the sufficiency of all statewide petitions in the first instance.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb