Mr. Jonathan M. Kelly 309 Hardin Street Arkadelphia, Arkansas 71923
Dear Mr. Kelly:
This is in response to your request for certification of the following popular name and ballot title:
Popular Name
PROHIBITION OF SMOKING IN PUBLIC BUILDINGS
Ballot Title
Be It Enacted by the People of the State of Arkansas that smoking by prohibited in all public buildings except in designated areas.
The Attorney General is required pursuant to Ark. Stat. Ann. 2-208 (Supp. 1985) to approve and certify the popular name and ballot title of all proposed initiative or referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or, if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
The purpose of my review and certification is to ensure that the ballot title and popular name honestly, intellegibly and fairly set forth the purpose of a proposed act or amendment. Arkansas Women's Political Caucus v. Riviere, 283 Ark. 463, 466, 677 S.W.2d 846
(1984); Becker v. Riviere, 277 Ark. 252, 254, 641 S.W.2d 2
(1982). 2-208 neither requires nor authorizes this office to make any legal determinations concerning the merits of the act or amendment or the likelihood that the act or amendment will accomplish its state objectives. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed initiated act.
It has been stated that a popular name is simply a legislative device which is useful for voters to discuss a measure prior to an election, Arkansas Women's Political Caucus v. Riviere, et al., supra, citing Pafford v. Hall, 217 Ark. 734, 233 S.W.2d 72 (1950); and that it need not contain detailed information or include exceptions which might be required of a ballot title. Chancey v. Bryant, 259 Ark. 294, 532 S.W.2d 741 (1976), citing Pafford v. Hall, supra. It is also well-established, however, that the popular name must not be misleading or give partisan coloring to the merit of a proposal. Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207
(1958). It should be further noted that the popular name is to be construed along with the ballot title in determining its sufficiency. Id.
Applying these precepts to the measure submitted, it must be concluded that the proposed popular name, "Prohibition of Smoking in Public Buildings," is misleading since smoking is not actually prohibited but rather is limited to designated areas. The proposed popular name is therefore disapproved and the following is hereby substituted:
"LIMITATION ON SMOKING IN PUBLIC BUILDINGS"
The proposed ballot title is deemed sufficient as submitted and is hereby approved.
You submitted additional correspondence on November 6, 1987 with respect to adding certain provisions to this proposed initiated act. The Attorney General is not in a position to advise you on this matter, since Amendment 7 to the Arkansas Constitution reserves the power of the initiative in the people. It is therefore your decision with respect to whether the scope of this proposed act should be expanded. We will, of course, review any revision of the proposed popular name and/or ballot title to determine whether the proposed initiated act, as revised, is accurately and impartially summarized.
Please note, finally, that pursuant to Ark. Stat. Ann. 2-206 (Repl. 1976), instructions to canvassers and signers are enclosed herewith.