The Honorable Bill Clinton Office of the Governor State Capitol Little Rock, Arkansas 72201
Dear Governor Clinton:
This is in response to your request, received by this office on February 20, 1988, for certification of the following proposed popular name and ballot title pursuant to Arkansas Code of 1987 Annotated 7-9-107:
(Popular Name)
 THE DISCLOSURE ACT FOR LOBBYISTS AND STATE OFFICIALS
(Ballot Title)
 "A proposed act requiring lobbyists, as defined, to register with the Secretary of State if seeking to influence legislative or administrative actions of state government; excepting some persons from registering; requiring lobbyists to file quarterly reports, and monthly reports during legislative sessions; specifying information to be reported, including gifts, as defined, itemized expenses exceeding twenty-five dollars ($25.00), special event expenses, total expenses incurred in lobbying, business associations between the lobbyists and those lobbied, and loans in excess of twenty-five dollars ($25.00) made, promised, or contracted for to public officials, as defined, which are not in the ordinary course of business by regular lenders; Prohibiting lobbyists from using coercion or bribery to influence legislative or administrative action, purposely providing false information to state officials while lobbying, purposely falsifying information when registering, or acting as a lobbyist for three years after being convicted of a violation of subchapters four through eight of this chapter; Prohibiting any person from employing a lobbyist who is required to register but is not registered; Requiring public officials, as defined, to report annually for themselves and their spouses the following: Their names and all names under which they do business, sources of income exceeding one thousand dollars ($1,000.00) and twelve thousand five hundred dollars ($12,500.00) annually, business investments exceeding one thousand dollars ($1,000.00) and twelve thousand five hundred dollars ($12,500.00), offices or directorships held in businesses subject to government regulation in Arkansas, and gifts received having a value of one hundred dollars ($100.00) or more; requiring such officials to report each creditor, excepting family members and regular lenders, to whom five thousand dollars ($5,000.00) or more is owed, each guarantor or co-maker, excepting family members, of debts assumed or arising after January 1, 1989, and nongovernmental sources of payment for their official food, lodging, and travel exceeding one hundred fifty dollars ($150.00); requiring such officials to disclose employment and financial ties with firms regulated by or doing business in excess of one thousand dollars ($1,000.00) annually with the official's government office; Prohibiting public officials, as defined, from receiving private gifts or compensation for the performance of official duties, or purposely disclosing or using confidential government information to secure something of material benefit; restricting appearances by state legislators on behalf of others for compensation before state agencies; requiring state legislators to report official actions that may conflict with or affect their personal financial interests or their businesses; Punishing violations as Class A misdemeanors requiring a purposeful mental state; providing that prosecuting attorneys in districts where violations occur have jurisdiction; granting the State Attorney General authority to investigate alleged violations, to conduct hearings, to issue public letters of caution or warning, and to make reports and recommendations, when appropriate, to law enforcement officials and prosecuting attorneys; making the initiated act effective on January 1, 1989; and for other purposes."
The Attorney General is required pursuant to A.C.A. 7-9-107 to approve and certify the popular name and ballot title of all proposed initiative or referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or, if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
The purpose of my review and certification is to insure that the ballot title and popular name honestly, intelligently and fairly set forth the purpose of a proposed act or amendment. Arkansas Women's Political Caucus v. Riviere, 283 Ark. 463, 466, 677 S.W.2d 846
(1984); Becker v. Riviere, 277 Ark. 252, 254, 641 S.W.2d 2
(1982). 7-9-107 neither requires nor authorizes this office to make any legal determinations concerning the merits of the act or amendment or the likelihood that the act or amendment will accomplish its stated objectives. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed initiated act.
It has been stated that a popular name is simply a legislative device which is useful for voters to discuss a measure prior to an election, Arkansas Women's Political Caucus v. Riviere, et al., supra, citing Pafford v. Hall, 217 Ark. 734, 233 S.W.2d 72 (1950); and that it need not contain detailed information or include exceptions which might be required of a ballot title. Chancey v. Bryant, 259 Ark. 294, 532 S.W.2d 741 (1976), citing Pafford v. Hall, supra. However, it is also well-established that the popular name must not be misleading or give partisan coloring to the merit of a proposal. Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207
(1958). It should be further noted that the popular name is to be considered along with the ballot title in determining its sufficiency. Id.
A ballot title must include an impartial summary of the proposed act which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185
(1958); Becker v. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555
(1980).
Applying these precepts to the measure submitted, the proposed ballot title is deemed sufficient as submitted and is hereby approved. The proposed popular name is disapproved and the following is hereby substituted in order to insure that, when construed together, the popular name and ballot title accurately set forth the purpose of the act:
 THE STANDARDS OF CONDUCT AND DISCLOSURE ACT FOR LOBBYISTS AND STATE OFFICIALS
Pursuant to A.C.A. 7-9-108, instructors to canvassers and signers are enclosed herewith.
(See 88-048.1 for INSTRUCTIONS TO CANVASSERS AND SIGNERS)
Opinion No. 88-048.1
INSTRUCTIONS TO CANVASSERS AND SIGNERS
 1. Amendment No. 7 to the Arkansas Constitution gives to the people of the State of Arkansas the power to propose legislation or Constitutional Amendments by initiative petition. The petition must be signed by eight percent (8%) of the legal voters in the case of proposed legislation and ten percent (10%) in the case of proposed Constitutional Amendments. The proposed legislation or Constitutional Amendment must be submitted to the legal voters of the State at a regular election, and if a majority of the votes are case in its favor, it is adopted.
 2. Only legal voters may sign. Names, residences, post offices, and voting precincts must be given. This petition should contain only the signature of voters residing in a single county.
 3. All signatures must be affixed by the signers in their own handwriting in the presence of the persons circulating the Petition.
4. The signatures should be make with ink or indelible pencil.
 5. Do not paste additional sheets to this petition but place as many names as possible on the Petition.
 6. To sign any name other than your own or knowingly to sign your name when you are not legally entitled to sign it, or knowingly and falsely to misrepresent the purpose and effect of this Petition for the purpose of causing anyone to sign it shall constitute a misdemeanor and subject the offender to a fine of not less that $50 nor more that $1,000 for each violation.
The Attorney General is by law required to certify the sufficiency of the popular name and ballot title of all initiative or referendum petitions. This certification does not necessarily indicate the approval or disapproval of the contents thereof.