Mr. Bill D. Meggenberg Superintendent of Schools 44 Kingshighway Eureka Springs, Arkansas 72632
Dear Mr. Meggenberg:
This is in response to your request, received by this office on February 19, 1988, for certification of the following proposed popular name and ballot title pursuant to Arkansas Code of 1987 Annotated 7-9-107:
(Popular Name)
 GUARANTEED EDUCATIONAL FINANCIAL EXPENDITURES AMENDMENT
(Ballot Title)
 "A PROPOSED CONSTITUTIONAL AMENDMENT TO THE ARKANSAS CONSTITUTION OF 1874; TO PROVIDE THAT THE PROCEEDS FROM THE ADDITIONAL EXCISE TAX OF ONE PERCENT (1%) LEVIED BY ACT 63 OF THE FIRST EXTRAORDINARY SESSION OF 1983 SHALL BE DEPOSITED INTO AN EDUCATION EXCELLENCE FUND AND SHALL BE USED AND DISTRIBUTED ONLY FOR EDUCATIONAL PROGRAMS; TO PROVIDE THAT EDUCATIONAL PROGRAMS IN ARKANSAS SHALL BE FUNDED FROM ALL REVENUES FROM ALL SOURCES AS OF JANUARY 1, 1988 AT THE GUARANTEED LEVEL OF FIFTY-FOUR PERCENT (54%) TO THE PUBLIC SCHOOL FUND AND SEVENTEEN PERCENT (17%) TO SUPPORT STATE COLLEGES AND UNIVERSITIES; AND TO MAKE THE AMENDMENT EFFECTIVE ON JULY 1, 1989."
The Attorney General is required pursuant to A.C.A. 7-9-107 to approve and certify the popular name and ballot title of all proposed initiative or referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or, if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
The purpose of my review and certification is to insure that the ballot title and popular name honestly, intelligently and fairly set forth the purpose of a proposed act or amendment. Arkansas Women's Political Caucus v. Riviere, 283 Ark. 463, 466, 677 S.W.2d 846
(1984); Becker v. Riviere, 277 Ark. 252, 254, 641 S.W.2d 2
(1982). 7-9-107 neither requires not authorizes this office to make any legal determinations concerning the merits of the act or amendment or the likelihood that the act or amendment will accomplish its stated objectives. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
It has been stated that a popular name is simply a legislative device which is useful for voters to discuss a measure prior to an election. Arkansas Women's Political Caucus v. Riviere, et al., supra, citing Pafford v. Hall, 217 Ark. 734, 233 S.W.2d 72 (1950); and that it need not contain detailed information or include exceptions which might be required of a ballot title. Chancery v. Bryant, 259 Ark. 294, 532 S.W.2d 741 (1976), citing Pafford v. Hall, supra. However, it is also well-established that the popular name must not be misleading or give partisan coloring to the merit of a proposal. Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207
(1958). It should be further noted that the popular name is to be considered along with the ballot title in determining its sufficiency. Id.
A ballot title must include an impartial summary of the proposed act which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185
(1958); Becker v. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555
(1980).
Applying these precepts to the measure submitted, it must be concluded that the proposed popular name, the "Guaranteed Educational Financial Expenditures Amendment," could be misleading to the voter because it leaves the impression that the measure will guarantee expenditures. It may also be successfully contended that the word "Guaranteed" gives partisan coloring to the merit of the proposal.
The proposed popular name is therefore disapproved and the following is hereby substituted:
"THE EDUCATIONAL FUNDING AMENDMENT"
 The proposed ballot title may also be misleading due to its statement that the public school fund and state supported colleges and universities "shall be funded from all revenues from all sources as of January 1, 1988." The revenue sources are not clearly identified as those from which these programs receive funds as of January 1, 1988. The proposed ballot title is therefore disapproved and the following is hereby substituted:
 "A PROPOSED CONSTITUTIONAL AMENDMENT TO THE ARKANSAS CONSTITUTION OF 1874; TO PROVIDE THAT THE PROCEEDS FROM THE ADDITIONAL EXCISE TAX OF ONE PERCENT (1%) LEVIED BY ACT 63 OF THE FIRST EXTRAORDINARY SESSION OF 1983 SHALL BE DEPOSITED INTO AN EDUCATIONAL EXCELLENCE FUND AND SHALL BE USED AND DISTRIBUTED ONLY FOR EDUCATIONAL PROGRAMS; TO PROVIDE FOR FUNDING OF EDUCATIONAL PROGRAMS IN ARKANSAS AT THE GUARANTEED LEVEL OF FIFTY-FOUR PERCENT (54%) TO THE PUBLIC SCHOOL FUND AND SEVENTEEN PERCENT (17%) TO STATE SUPPORTED COLLEGES AND UNIVERSITIES, THE FUNDS TO BE APPROPRIATED FROM ALL REVENUE SOURCES FROM WHICH THESE PROGRAMS RECEIVE FUNDS AS OF JANUARY 1, 1988; AND TO MAKE THE AMENDMENT EFFECTIVE ON JULY 1, 1988."
Pursuant to A.C.A. 7-9-108, instructions to canvassers and signers are enclosed herewith.
(See 88-045.1 for INSTRUCTIONS TO CANVASSERS AND SIGNERS)
Opinion No. 88-045.1
INSTRUCTIONS TO CANVASSERS AND SIGNERS
1. Amendment No. 7 to the Arkansas Constitution gives to the people of the State of Arkansas the power to propose legislation or Constitutional Amendments by initiative petition. The petition must be signed by eight percent (8%) of the legal voters in the case of proposed legislation and ten percent (10%) in the case of proposed Constitutional Amendments. The proposed legislation or Constitutional Amendments must be submitted to the legal voters of the State at Amendment regular election, and if Amendment majority of the votes are cast in favor, it is adopted.
2. Only legal voters may sign. Names, residences, post offices, and voting precincts must be given. This petition should contain only the signatures of voters residing in a single country.
3. All signatures must be affixed by the signers in their own handwriting in the presence of the persons circulating the petition.
4. The signatures should be made with ink or indelible pencil.
5. Do not paste additional sheets to this petition but place as many names as possible on the petition.
6. To sign any name other than you own or knowingly to sign your name when you are not legally entitled to sign it, or knowingly and falsely to misrepresent the purpose and effect of this Petition for the purpose of causing anyone to sign it shall constitute a misdemeanor and subject the offender to a fine of not less that $50 not more that $1,000 for each violation.
The Attorney General is by law required to certify the sufficiency of the popular name and ballot title of all initiative or referendum petitions. This certification does not necessarily indicate the approval or disapproval of the contents thereof.