Mr. W.G. Eslinger P.O. Box 1256 Harrison, Arkansas 72601
Dear Mr. Eslinger:
This is in response to your request, received by this office on September 19, 1989, for certification of the following proposed popular name and ballot title:
DRUG TRAFFICKERS DEATH PENALTY ACT
You have submitted only the above, and have not submitted a ballot title separate from the popular name above.
The Attorney General is required pursuant to A.C.A. 7-9-107 to approve and certify the popular name and ballot title of all proposed initiative or referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
The purpose of my review and certification is to ensure that the ballot title and popular name honestly, intelligently and fairly set forth the purpose of a proposed act or amendment. ARKANSAS WOMEN'S POLITICAL CAUCUS v. RIVIERE, 283 Ark. 463, 466, 677 S.W.2d 846
(1984); BECKER v. RIVIERE, 277 Ark. 252, 254, 641 S.W.2d 2
(1982).
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment or the likelihood that the act or amendment will accomplish its stated objectives. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed initiative act.
It has been stated that a popular name is simply a legislative device which is useful for voters to discuss a measure prior to an election. ARKANSAS WOMEN'S POLITICAL CAUCUS v. RIVIERE, ET AL. SUPRA, citing PAFFORD v. HALL, 217 Ark. 734, 233 S.W.2d 72 (1950); and that it need not contain detailed information or include exceptions which might be required of a ballot title. CHANEY v. BRYANT, 259 Ark. 294, 532 S.W.2d 741 (1976), citing PAFFORD v. HALL, SUPRA. It is also well established, however, that the popular name must not be misleading or give partisan coloring to the merit of the proposal. MOORE v. HALL, 229 Ark. 411,316 S.W.2d 207 (1958). It should be further noted that the popular name is to be considered along with the ballot title in determining its sufficiency ID.
A ballot title must include an impartial summary of the proposed act which will give the voter a fair understanding of the issues presented. HOBAN v. HALL, 229 Ark. 416, 417, 316 S.W.2d 185
(1958); BECKER v. RIVIERE, 270 Ark. 219, 223, 226, 604 S.W.2d 555
(1980).
Applying these precepts to the measure submitted, it must be concluded that the proposed popular name "DRUG TRAFFICKERS DEATH PENALTY ACT" is misleading as related to the substance of the act. The term "trafficker" connotes that the act applies only to persons who are involved in substantial drug dealing or trade while the act applies to any manufacture, delivery, or possession with intent to deliver of the specified quantity of drugs covered by the act. The popular name of "DRUG TRAFFICKERS DEATH PENALTY ACT" is therefore disapproved and the following is substituted therefor:
 "AN ACT TO AUTHORIZE THE IMPOSITION OF THE DEATH PENALTY FOR CERTAIN SELLERS AND MANUFACTURERS OF ILLEGAL DRUGS."
Additionally, the popular name you have submitted will not suffice as a ballot title. In this regard the title "DRUG TRAFFICKERS DEATH PENALTY ACT" is disapproved as a ballot title and the following title is substituted therefor:
 A proposed initiated act to amend Act 590 of 1971, the "Uniform Controlled Substance Act" to change and increase penalties (in some instances) for offenses which involve the manufacture, delivery, possession with intent to deliver or manufacture, or the providing of anything of value to aid in the commission of any of these offenses, each involving over twenty-eight (28) grams of any controlled substance contained in Scheduled I and II (maintained by the Department of Health), including but not limited to, heroin, cocaine, mecloqualone, peyote, and some forms of morphine and amphetamines, so as to impose a penalty of 20-60 years imprisonment, or life without parole, or death, (so long as an aggravating factor exists), and to impose a fine not to exceed one million dollars ($1,000,000.00) for such offenses; to provide that offenses involving the manufacture, delivery, possession with intent to deliver or manufacture, or the providing of anything of value to aid in the commission of any of these offenses, each involving less than three (3) ounces of Schedule VI drugs (including marijuana) shall be punishable by 4-10 years of imprisonment and a fine of not more than $25,000; to provide that offenses involving the manufacture, delivery, possession with intent to deliver or manufacture, or the providing of anything of value to aid in the commission of any of these offenses, each involving over three (3) ounces of Schedule VI drugs (including marijuana) shall be punishable by 20-60 years imprisonment, or life without parole, or death, (if an aggravating factor exists), and to provide for a fine of not more than $1,000,000.00 for such offenses; to require the state to give notice to the defendant within a reasonable time of its decision to seek the death penalty and to list the aggravating factors upon which the state intends to rest; to provide for a hearing on the issue where aggravating and mitigating factors are to be weighed; to exempt juveniles and the mentally retarded from the imposition of the death penalty under the act; to provide that no charges brought under the act shall be reduced, that no sentences imposed shall be suspended and to preclude the availability of parole if the defendant has a prior felony conviction; and to provide for the construction of roadway signs to be placed for the view of motorists entering the State of Arkansas which state "DEATH PENALTY FOR DRUG CRIMES ARKANSAS LAW".
You will note that we have included in the ballot title certain representative drugs for each Schedule of drugs covered by the act. This is done in an effort to give the voter a fair understanding of what conduct is covered by the act. It is necessary to list only a few representative drugs from each Schedule, as listing every drug covered by each Schedule would be far too voluminous.
This certification will be forwarded forthwith to the Secretary of State for his approval and certification as required by Act 280 of 1989. Pursuant to A.C.A. 7-9-108, instructions to canvassers and signers are enclosed herewith.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.