Mr. James E. Youngdahl Attorney at Law 2101 Main Street P.O. Box 164808 Little Rock, Arkansas 72216
Dear Mr. Youngdahl:
This is in response to your request, received by this office on September 28, 1989, for certification of the following proposed popular name and ballot title for an amendment to the Arkansas Constitution, pursuant to A.C.A. 7-9-107:
(Popular Name)
THE ARKANSAS TAX POLICY AMENDMENT
(Ballot Title)
 "An amendment prohibiting, effective July 1, 1991, any state excise tax on gross proceeds or gross receipts derived from the sale of food, as defined;
 Prohibiting, effective July 1, 1991, any state excise tax on gross proceeds or gross receipts derived from the sale of (a) natural gas or electricity by a public utility company, as defined, to retail residential customers or (b) artificial gas consumed in a residence; allowing the General Assembly, by at least a three-fifths vote of each House, to modify or repeal the prohibition in this paragraph;
 Requiring at least a three-fifths vote of each House of the General Assembly for passage of any bill to levy a tax, alter the rate of any tax, grant exemptions, exclusions, credits or deductions with respect to the application of any tax, extend the application of any tax, or otherwise amend or repeal any provision of law levying a tax; provided, however, that at least a three-fourths vote of each House of the General Assembly shall be required for passage of any bill to alter the rate of tax on the income of any natural person; providing the provisions in this paragraph shall not be taken to authorize the General Assembly to directly modify or repeal other provisions in this amendment;
 Effective July 1, 1991, levying an excise tax of two percent on gross proceeds or gross receipts derived from all sales exempted from taxation pursuant to Arkansas Code Title 26, Chapter 52, except specified sales identified in this amendment; allowing the General Assembly, by at least a three-fifths vote of each House, to modify or repeal the provisions in this paragraph, provided any modification or repeal shall not become effective before July 1, 1995;
 Effective July 1, 1991, amending Arkansas Code 26-51-201 (a)(6) to retain a seven percent tax on the net income of every resident, individual, trust, or estate of $25,000 and up to $75,000; effective July 1, 1991, amending Arkansas Code 26-51-201(a) to place an eight percent tax on the net income of every resident, individual, trust, or estate above $75,000; allowing the General Assembly, by at least a three-fourths vote of each House, to modify or repeal the provisions in this paragraph;
 Repealing any part of Section 2 of Amendment 19 to the Arkansas Constitution and any other constitutional provisions or parts thereof or any Arkansas statutes or parts thereof which conflict with this amendment;
 Providing that references to the Arkansas Code and to federal statutes in this amendment are to those code provisions and statutes as they existed on September 30, 1989;
 Unless otherwise provided, making this amendment effective January 1, 1991; and for other purposes."
The Attorney General is required pursuant to A.C.A. 7-9-107 to approve and certify the popular name and ballot title of all proposed initiative or referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected. The purpose of my review and certification is to insure that the ballot title and popular name honestly, intelligently, and fairly set forth the purpose of a proposed act or amendment. Arkansas Women's Political Caucus v. Riviere, 283 Ark. 463, 466, 677 S.W.2d 846 (1984); Becker v. Riviere, 277 Ark. 252, 354, 641 S.W.2d 2 (1982).
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment or the likelihood that the act or amendment will accomplish its stated objectives. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed constitutional amendment.
It has been stated that a popular name is simply a legislative device which is useful for voters to discuss a measure prior to an election. Arkansas Women's Political Caucus v. Riviere, et al. supra, citing Pafford v. Hall, 217 Ark. 734, 233 S.W.2d 72
(1950); and that it need not contain detailed information or include exceptions which might be required of a ballot title. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741 (1976), citing Pafford v. Hall, supra. It is also well established, however, that the popular name must not be misleading or give partisan coloring to the merit of the proposal. Moore v. Hall, 229 Ark. 411,316 S.W.2d 207 (1958). It should be further noted that the popular name is to be considered along with the ballot title in determining its sufficiency. Id.
A ballot title must include an impartial summary of the proposed act which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185
(1958); Becker v. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555
(1980).
Applying these precepts to the measure submitted, it is my opinion that the proposed popular name "THE ARKANSAS TAX POLICY AMENDMENT" adequately represents the proposed amendment and is therefore approved as submitted.
One substantive change is indicated, however, to the ballot title, in order to give the voter a fair understanding of the issues presented. One portion of the proposed ballot title states that:
 Effective July 1, 1991, amendment Arkansas Code 26-51-201 (a)(6) to retain a seven percent tax on the net income of every resident, individual, trust, or estate of $25,000 and up to $75,000; effective July 1, 1991, amending Arkansas Code 26-51-201(a) to place an eight percent tax on the net income of every resident, individual, trust, or estate above $75,000 . . . .
It should be made clear in the ballot title that amending A.C.A.26-51-201(a) so as to provide for an 8% tax on entities with an income of over $75,000 raises that tax from a current rate of 7%. Therefore, the submitted proposed ballot title is hereby disapproved, and the following substituted in its place:
 An Amendment to the Arkansas Constitution of 1874 prohibiting, effective July 1, 1991, any state excise tax on gross proceeds or gross receipts derived from the sale of food, as defined; Prohibiting, effective July 1, 1991, any state excise tax on gross proceeds or gross receipts derived from the sale of (a) natural gas or electricity by a public utility company, as defined, to retail residential customers or (b) artificial gas consumed in a residence; allowing the General Assembly, by at least a three-fifths vote of each House, to modify or repeal the prohibition in this paragraph;
 Requiring at least a three-fifths vote of each House of the General Assembly for passage of any bill to levy a tax, alter the rate of any tax, grant exemptions, exclusions, credits or deductions with respect to the application of any tax, extend the application of any tax, or otherwise amend or repeal any provision of law levying a tax; provided, however, that at least a three-fourths vote of each House of the General Assembly shall be required for passage of any bill to alter the rate of tax on the income of any natural person; provided that the provisions in this paragraph shall not be taken to authorize the General Assembly to directly modify or repeal other provisions in this amendment;
 Effective July 1, 1991, levying an excise tax of two percent on gross proceeds or gross receipts derived from all sales excepted from taxation pursuant to Arkansas Code Title 26, Chapter 52, except specified sales identified in this amendment; allowing the General Assembly, by at least a three-fifths vote of each House, to modify or repeal the provisions in this paragraph, provided any modification or repeal shall not become effective before July 1, 1995;
 Effective July 1, 1991, amending Arkansas Code 26-51-201(a)(6) to retain a seven percent tax on the net income of every resident, individual, trust, or estate of $25,000 and up to $75,000; effective July 1, 1991, amending Arkansas Code 26-51-201(a) to raise the current seven percent tax on the net income of every resident, individual, trust, or estate above $75,000 to eight percent for such entities; allowing the General Assembly, by at least a three-fourths vote of each House, to modify or repeal the provisions in this paragraph;
 Repealing any part of Section 2 of Amendment 19 to the Arkansas Constitution and any other constitutional provisions or parts thereof or any Arkansas statutes or parts thereof which conflict with this amendment;
 Providing that references to the Arkansas Code and to federal statutes in this amendment are to those code provisions and statutes as they existed on September 30, 1989;
 Unless otherwise provided, making this amendment effective January 1, 1991; and for other purposes.
Other minor format changes have been made to the ballot title to ensure the requisite conciseness necessary for placement on the ballot.
This certification shall be forwarded forthwith to the Secretary of State for his approval and certification as required by Act 280 of 1989. Pursuant to A.C.A. 7-9-108, instructions to canvassers and signers are enclosed herewith.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
INSTRUCTIONS TO CANVASSERS AND SIGNERS
1. Amendment No. 7 to the Arkansas Constitution gives to the people of the State of Arkansas the power to propose legislation or constitutional amendments by initiative petition, and to order the referendum against any general act or any item of an appropriation bill, or measure passed by the General Assembly. The petition must be signed by eight percent (8%) of the legal voters in the case of proposed legislation, ten percent (10%) in the case of proposed constitutional amendments, and six percent (6%) in the case of a referendum. The proposed legislation or constitutional amendment must be submitted to the legal voters of the State at a regular election; referendum petitions may be referred to the people at special elections when fifteen percent (15%) of the legal voters petition for such special election. Any measure submitted to the people shall take effect and become a law when approved by a majority of the votes cast upon such measure.
2. Only legal voters may sign. Names, residences, post offices, and voting precincts must be given. This petition should contain only the signatures of voters residing in a single county.
3. All signatures must be affixed by the signers in their own handwriting in the presence of the persons circulating the petition.
4. The signatures should be made with ink or indelible pencil.
5. Do not paste additional sheets to this petition but place as many names as possible on the petition.
6. To sign any name other than your own or knowingly to sign your name when you are not legally entitled to sign it, or knowingly and falsely to misrepresent the purpose and effect of this petition for the purpose of causing anyone to sign it shall constitute a misdemeanor and subject the offender to a fine of not less than $50.00 nor more than $1,000.00 for each violation.
The Attorney General is by law required to certify the sufficiency of the popular name and ballot title of all initiative or referendum petitions. This certification does not necessarily indicate the approval or disapproval of the contents thereof.