Mr. James E. Youngdahl Attorney at Law 2101 Main Street P.O. Box 164808 Little Rock, Arkansas 72216
Dear Mr. Youngdahl:
This is in response to your request, received by this office on December 1, 1989, for certification of the following proposed popular name and ballot title for an amendment to the Arkansas Constitution, pursuant to A.C.A. 7-9-107:
(Popular Name)
THE ARKANSAS TAX POLICY AMENDMENT
(Ballot Title)
 "An amendment to the Arkansas Constitution of 1874 prohibiting, effective July 1, 1991, any state excise tax on gross proceeds or gross receipts derived from the sale of food, as defined; specifying that the provisions of this paragraph shall not apply to the levy of any sales or use tax by a municipality or county pursuant to Arkansas Code Title 26, Chapters 74 or 75;
 Prohibiting, effective July 1, 1991, any state excise tax on gross proceeds or gross receipts derived from the sale of (a) natural gas or electricity by a public utility company, as defined, to residential customers or (b) artificial gas consumed in a residence; specifying that the provisions in this paragraph shall not apply to the levy of any sales or use tax by a municipality or county pursuant to Arkansas Code Title 26, Chapters 74 or 75; allowing the General Assembly, by at least a three-fifths vote of each House, to modify or repeal the prohibition in this paragraph:
 Requiring at least at three-fifths vote of each House of the General Assembly for passage of any bill to levy a tax, alter the rate of any tax, grant exemptions, exclusions, credits or deductions with respect to the application of any tax, extend the application of any tax, or otherwise amend or repeal any provision of law levying a tax; provided, however, that at least a three-fourths vote of each House of the General Assembly shall be required for passage of any bill to alter the rate of tax on the income of any resident, individual, trust or estate as defined by Arkansas Code 26-51-102; providing the provisions in this paragraph shall not be taken to authorize the General Assembly to directly modify or repeal other provisions in this amendment;
 Effective July 1, 1991, levying an excise tax of two percent on gross proceeds or gross receipts derived from all sales exempted or excluded from taxation pursuant to Arkansas Code Title 26, Chapter 52, and levying a compensating use tax of two percent on the sales price of tangible personal property purchased for storage, use, distribution or consumption in this State which is exempted or excluded from taxation pursuant to Arkansas Code Title 26, Chapter 53; providing that the taxes levied in this paragraph shall not be taken to authorize counties or municipalities to levy sales or use taxes on items herein made subject to State taxation and shall not apply to specified items identified in this amendment; allowing the General Assembly, by at least a three-fifths vote to each House, to modify or repeal the provisions in this paragraph, provided any modification or repeal shall not become effective before July 1, 1995;
 Effective for income years beginning on and after January 1, 1991, amending Arkansas Code 26-51-201(a)(6) to retain a seven percent tax on the net income of every resident, individual, trust, or estate of $25,000 and up to $75,000; effective for income years beginning on and after January 1, 1991, amending Arkansas Code 26-51-201(a) to raise the current seven percent tax on the net income of every resident, individual, trust, or estate of $75,000 and above to eight percent for such entities; allowing the General Assembly, by at least a three-fourths vote of each House, to modify or repeal the provisions in this paragraph;
 Repealing any part of Section 8 of Amendment 19 to the Arkansas Constitution and any other constitutional provisions or parts thereof or any Arkansas statutes or parts thereof which conflict with this amendment;
 Providing that references to the Arkansas Code and to federal statutes in this amendment are to those code provisions and statutes as they existed on March 1, 1990;
 Unless otherwise provided, making this amendment effective January 1, 1991; and for other purposes."
You indicate that this proposed popular name and ballot title is a resubmission of a former similar proposed popular name and ballot title certified by this office on October 9, 1989. See Opinion No. 89-304. You have further indicated that the submission certified on October 9, 1989 will not be pursued, and that the popular name and ballot title above which summarize a revised version of the former proposed amendment, are the ones sought to be placed on the ballot at the general election.
The Attorney General is required pursuant to A.C.A. 7-9-107 to approve and certify the popular name and ballot title of all proposed initiative or referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition can be rejected.
The purpose of my review and certification is to insure that the ballot title and popular name honestly, intelligently, and fairly set forth the purpose of a proposed act or amendment. ARKANSAS WOMEN'S POLITICAL CAUCUS v. RIVIERE, 283 Ark. 463, 466, 677 S.W.2d 846, (1984); BECKER v. RIVIERE, 277 Ark. 252, 254, 641 S.W.2d 2
(1982).
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment or the likelihood that the act or amendment will accomplish its stated objectives. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed constitutional amendment.
It has been stated that a popular name is simply a legislative device which is useful for voters to discuss a measure prior to an election. ARKANSAS WOMEN'S POLITICAL CAUCUS v. RIVIERE, ET AL. SUPRA, CITING PAFFORD v. HALL, 217 Ark. 734, 233 S.W.2d 72 (1950); and that it need not contain detailed information or include exceptions which might be required of a ballot title. CHANEY v. BRYANT, 259 Ark. 294, 532 S.W.2d 741, (1976), CITING PAFFORD v. HALL, SUPRA. It is also well established, however, that the popular name must not be misleading or give partisan coloring to the merit of the proposal. MOORE v. HALL, 229 Ark. 411,316 S.W.2d 207 (1958). It should be further noted that the popular name is to be considered along with the ballot title in determining its sufficiency. ID.
A ballot title must include an impartial summary of the proposed act which will give the voter a fair understanding of the issues presented. HOBAN v. HALL, 229 Ark. 416, 417, 316 S.W.2d 185
(1958); BECKER v. RIVIERE, 270 Ark. 219, 223, 226, 604 S.W.2d 555
(1980).
Applying these precepts to the measure submitted, it is my opinion that the proposed popular name "THE ARKANSAS TAX POLICY AMENDMENT" adequately represents the proposed amendment, and it is therefore approved as submitted.
Additionally, it is my opinion that the proposed ballot title represents an impartial summary of the proposed amendment and is sufficient to give the voter a fair understanding of the issues presented. Accordingly, the proposed ballot title is also approved as submitted.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.