The Honorable Sharon Priest Secretary of State State Capitol Little Rock, Arkansas 72201
Dear Ms. Priest:
This is in response to your request for this office to provide the popular names and ballot titles for three resolutions of the General Assembly passed at the 1995 regular session (S.J.R. 10 or ("Amendment 1") as you refer to it, H.J.R. 1007 ("Amendment 2"), and S.J.R. 1 ("Amendment 3")), which propose constitutional amendments pursuant to the provisions of Arkansas Constitution, art. 19, § 22. You have also asked my opinion about the publication requirements for these measures, asking whether it would be sufficient for you to publish the resolutions at least once a month for six months in at least one newspaper in each county, as well as statewide.
I must point out initially that this office has in the recent past not had any responsibilities with regard to constitutional amendments proposed by the General Assembly under Arkansas Constitution, art. 19, §22. My only responsibility has been to approve the popular names and ballot titles of measures initiated or referred to the people under the provisions of Amendment 7 to the Arkansas Constitution. See A.C.A. §7-9-107 (Repl. 1993). A 1993 amendment to the statutes, however, now places the responsibility on this office to "fix and declare the popular name by which each amendment to the Constitution of Arkansas and each initiated and referred measure shall be designated." See A.C.A. §7-9-110(a)(2) and Act 512 of 1993, § 12. This language encompasses amendments proposed by the General Assembly. See A.C.A. § 7-9-101(1). This provision now overlaps to some extent with the provisions of A.C.A. § 7-9-107, as it is already my duty under that statute to approve the popular names and ballot titles of statewide measures submitted under the provisions of Amendment 7. The new 1993 act now additionally requires me to provide a popular name for the amendments submitted to the people by the General Assembly under the provisions of Arkansas Constitution, art. 19, § 22. I must note, however, that nothing in the amended statute authorizes or empowers me to provide a ballot title for these amendments. In fact, nothing in art. 19, § 22 requires these amendments proposed by the General Assembly to even have a ballot title. The issue was discussed in the recent case of Walmsley v. McCuen, 318 Ark. 269,885 S.W.2d 10 (1994) where the court referred to a previous decision (Beckerv. Riviere, 277 Ark. 252, 641 S.W.2d 2 (1982)), which noted that ballot titles are not necessary on amendments submitted to the people by the General Assembly under the provisions of art. 19, § 22. The court noted that ballot titles are required for measures submitted under Amendment 7 because that provision does not require publication of the proposed amendment except as may be required by the General Assembly, but it does provide for the safeguard of a ballot title so that the voters can be sufficiently informed to mark his ballot. The court then stated that:
 On the other hand, . . . art. 19, § 22, does not specifically require a ballot title. All that is required is that the proposed amendments under art. 19, § 22, `be so submitted as to enable the electors to vote on each amendment separately.' So, the purpose of the `Ballot Title' under art. 19, § 22, is not to inform the voter, but merely to distinguish and identify the amendment. Voters can be presumed to be informed as to the contents of the amendment since art. 19, § 22, specifically requires an extended publication period of six separate monthly insertions in one newspaper in each county prior to the election.
318 Ark. at 272, citing Becker v. Riviere, supra.
As can be seen from the cases above, no ballot title is required by the constitution for proposed constitutional amendments submitted to the people by the General Assembly.[1] I can state, however, that the relevant statutes do not place any duty or power upon me to supply a ballot title for such measures. I have, therefore, in this opinion, supplied popular names for S.J.R. 10 ("Amendment 1") and H.J.R. 1007 ("Amendment 2") below. Senate Joint Resolution 1 ("Amendment 3") contains in the text of the resolution both a popular name and ballot title. I have below fixed and declared the popular name of that measure to be the same as stated in Senate Joint Resolution 1. I have no authority over the ballot title specified in that resolution. That being said, the popular names for each of the amendments about which you have inquired are hereby fixed as declared as follows:
 Senate Joint Resolution 10 (Popular Name) A CONSTITUTIONAL AMENDMENT TO AMEND SECTION 3 OF ARTICLE 14 OF THE ARKANSAS CONSTITUTION TO ESTABLISH A UNIFORM MINIMUM PROPERTY TAX MILLAGE RATE FOR MAINTENANCE AND OPERATION OF SCHOOLS
 House Joint Resolution 1007 (Popular Name) A CONSTITUTIONAL AMENDMENT TO LEVY A SALES AND USE TAX OF ONE-EIGHTH OF ONE PERCENT (1/8 OF 1%) FOR SUPPORT OF THE ARKANSAS GAME AND FISH COMMISSION, THE DEPARTMENT OF PARKS AND TOURISM, THE ARKANSAS DEPARTMENT OF HERITAGE AND KEEP ARKANSAS BEAUTIFUL
 Senate Joint Resolution 1 (Popular Name) AN AMENDMENT CONCERNING STATEWIDE INITIATIVE AND REFERENDUM PETITIONS, AMENDMENTS REFERRED TO VOTERS BY THE GENERAL ASSEMBLY, AND LEGAL CHALLENGES TO BALLOT TITLES
In response to your final question concerning the publication of these measures, it is my opinion that the action you suggest would comply with the constitution. Article 19, § 22 of the Constitution states that such measures shall be "published in at least one newspaper in each county, where a newspaper is published, for six months immediately preceding the next general election. . . ." Although the court in Walmsley did not have to decide the precise publication requirements of art. 19, § 22, the concurring justice stated that: "A common sense reading of `for six months,' giving words their ordinary and commonly accepted meaning, compels full publication of the amendment more than one time. Common sense also dictates that these words do not require publication every day of the sixth month period. The most logical and reasonable interpretation of the phrase is that the publication must take place once a month for six consecutive months." Walmsley, supra at 274, Brown, J. concurring.See also dicta in Becker v. Riviere, supra (referring to "six separate monthly insertions in one newspaper in each county prior to the election").
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] Two statutes, however, do mention a ballot title with regard to such measures. See A.C.A. § 7-9-113(c) (regarding the Secretary of State's duty of publication), and A.C.A. § 7-9-115(a) (regarding the Secretary of State's duty to provide certified copies to the county boards of election commissioners). The Arkansas Supreme Court, however, apparently does not view these statutes as a ballot title requirement.See generally Becker v. McCuen, 303 Ark. 482, 486, 789 S.W.2d 71 (1990) (stating that neither art. 19, § 22, nor any statute requires a ballot title for such amendments). I am unaware, assuming the resolutions of the General Assembly themselves do not supply a ballot title, as to how such titles have been supplied in the past.